IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MATTHEW JOHN THOMPSON,

    Plaintiff,

vs.                                              Case No.:  4:13cv15-MW/CAS

LT. BRUCE SMITH, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a pro se prisoner, filed a fifth amended complaint, doc. 22, on August 23, 2013, and an Order was recently entered, doc. 25, directing service of that version of the complaint. Review of this case reveals that Plaintiff had submitted a motion for preliminary injunction, doc. 14, on May 7, 2013, which remains pending. Ruling was initially deferred, *see* doc. 15, because a determination had already been made that Plaintiff's third amended complaint, doc. 9, was deficient and Plaintiff had been directed to submit a fourth amended complaint. *See* doc. 10. The motion for a preliminary injunction, doc. 14, was filed during the interim period while awaiting the filing of Plaintiff's fourth amended complaint.

Plaintiff complains in the motion that unidentified prison officials had scheduled him for conflicting call-outs at the same time. Doc. 14. For example, Plaintiff states he received a medical call-out which took precedence over his previously scheduled law library call-out. *Id.* at 2. Plaintiff stated that the most recent such event took place on March 21, 2013. *Id.* Plaintiff also suggested that the call-outs are an "institutional punishment" because he "received a corrective consultation" for not leaving his law library call-out because he needed to finish his Rule 3.850 motion to meet a deadline. *Id.* Plaintiff requested that the Court direct officials to "cease and refrain from scheduling simultaneous non-emergency medical callouts during Plaintiff's previously scheduled law library and/or legal mail callouts." *Id.* at 3.

Granting or denying a preliminary injunction is a decision within the discretion of the district court. Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997), *citing* United States v. Lambert, 695 F.2d 536, 539 (11th Cir. 1983). Preliminary injunctive relief may be granted only if the moving party establishes:

(1) a substantial likelihood of success on the merits;

(2) a substantial threat of irreparable injury unless the injunction issues;

(3) the threatened injury to the movant outweighs whatever harm the proposed injunction may cause the opposing party; and

(4) granting the injunction would not be adverse to the public interest.

Keeton v. Anderson–Wiley, 664 F.3d 865, 868 (11th Cir. 2011); Carillon Importers, Ltd., 112 F.3d at 1126; United States v. Jefferson County, 720 F.2d 1511, 1519 (11th Cir.

1983).  A preliminary injunction is an extraordinary and drastic remedy and should not be granted unless the movant "clearly carries the burden of persuasion" of all four prerequisites, which is always upon the plaintiff.  Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000); Jefferson County, 720 F.2d at 1519, *citing* Canal Auth. v. Callaway, 489 F.2d 567 (5th Cir. 1974).

Plaintiff's motion does not demonstrate irreparable injury.  Plaintiff was inconvenienced due to the scheduling conflict, but he was not irreparably harmed, nor will he be if the requested injunction is not issued.

Furthermore, Plaintiff does not allege that any named Defendant in this case was involved in the scheduling problems. Rule 65(d), which governs motions for a temporary restraining order and for a preliminary injunction, provides *inter alia*: "Every order granting an injunction and every restraining order . . . is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise."  FED. R. CIV. P. 65(d).  "It is elementary that one is not bound by a judgment in personam resulting from litigation in which he is not designated as a party or to which he has not been made a party by service of process." Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110, 89 S. Ct. 1562, 1569, 23 L. Ed. 2d 129 (1969) (citation omitted).  Because Plaintiff did not allege involvement by any named Defendant, the motion should also be denied because the Court would not have jurisdiction over persons to whom the injunction would issue.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion for injunctive relief, doc. 14, be **DENIED** and this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on November 14, 2013.

    S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**